# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-01896-COA

**FREDRICK JOHNSON** <span style="float:right">**APPELLANT**</span>

**v.**

**STATE OF MISSISSIPPI** <span style="float:right">**APPELLEE**</span>

DATE OF JUDGMENT:             11/01/2019
TRIAL JUDGE:                  HON. TONI DEMETRESSE TERRETT
COURT FROM WHICH APPEALED:    WARREN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                              BY: W. DANIEL HINCHCLIFF
                              FREDRICK JOHNSON (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: ABBIE EASON KOONCE
DISTRICT ATTORNEY:            RICHARD EARL SMITH JR.
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 01/12/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1. Fredrick Johnson was convicted of the statutory rape of a thirteen-year-old girl and sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. Johnson's counsel on appeal filed a *Lindsey* brief certifying that there are no arguable claims to be raised on appeal. Johnson subsequently filed a pro se brief. The only two ascertainable arguments that could be gleaned from his pro se brief were challenges to (1) the sufficiency of the evidence supporting his conviction; and (2) the trial court's jurisdiction over the case.

¶2. After a review, we find that Johnson presents no arguable or meritorious issues.

Further, this Court finds no other arguable issues after carefully reviewing the record. Accordingly, we affirm Johnson's conviction and sentence.

**FACTS**

¶3. "Gigi" was a thirteen-year-old girl who had run away from her home in Louisiana.[1] Her mother initially reported her missing in Louisiana but later contacted Mississippi law enforcement after discovering that Gigi had used her credit card without permission in Warren County, Mississippi. An acquaintance then informed the mother that Gigi had been seen with "two unknown black males" at a "trap house on Glass Road in Vicksburg, Mississippi."[2]

¶4. The mother forwarded the information to Detective Stacy Rollins of the Warren County Sheriff's Office. Detective Rollins went to the house to investigate. Just as she went to knock on the front door, three people ran from the back of the home—Gigi, Fredrick Johnson, and Johnson's brother Darien. Gigi and Johnson were caught and brought into custody.

¶5. After obtaining a warrant, Detective Rollins searched the house. Inside she found Gigi's backpack, which contained some clothing, including a pair of denim shorts Gigi had been wearing earlier in the day, "and some actual property of her mother's as well, including the credit card that had been used to pull out the money." Gigi was arrested for the illegal

---

[1] This Court declines to include the name of sexual-assault victims, therefore we will utilize the pseudonym "Gigi" instead.

[2] Detective Stacy Rollins of the Warren County Sheriff's Office testified at trial that a "trap house is where drugs and stolen items come in and out." In other words, it was "a place where there is a lot of illegal activity."

use of her mother's credit card and taken into youth court custody. That night, while in custody, Gigi told the night janitor that she had been sexually assaulted. Gigi then provided a statement to Detective Rollins confirming that she been assaulted.

¶6. Detective Rollins immediately began her investigation. She sent the denim shorts that she had collected earlier to the Mississippi Forensics Laboratory for DNA testing. The results showed the presence of Gigi's skin cells combined with sperm cells. The detective also interviewed Johnson about the assault. In the video taped interview, Johnson admitted he had sex with Gigi but insisted that she had been the initiator. Johnson was subsequently charged with statutory rape.

¶7. At trial, the State presented evidence in the form of testimony from Gigi, Detective Rollins, and the DNA analyst. At the close of the State's case-in-chief, Johnson requested a directed verdict. Following its denial, Johnson testified for the defense. He was the only witness to testify in his behalf. Johnson's testimony discussed a multitude of unrelated events—some dating as far back as 1983 when his mother was pregnant with him. The unrestrained testimony addressed very little of the trial's subject matter. Only after being directed by the court and his own defense counsel did Johnson focus his testimony on the charge he was facing. He denied having sex with Gigi and insisted that she was "crying wolf."

¶8. After being presented with all the evidence and hearing arguments from both parties, the jury found Johnson guilty of statutory rape. The court sentenced him to serve thirty years in the custody of the Mississippi Department of Corrections. The case is now before this

Court on direct appeal.

## DISCUSSION

¶9. Johnson's appellate counsel has filed a *Lindsey* brief, certifying that he has scoured the record and has been unable to identify any arguable issues supporting the appeal. *See Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005) (outlining the "procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal"). Johnson then subsequently filed a pro se supplemental brief. The State concurs with the appellate counsel's conclusion that there are no arguable issues in the record and contends that Johnson's brief is devoid of any appealable issues.

¶10. When an indigent criminal defendant's appellate counsel is unable to identify any arguable issues for appeal, counsel must

> (1) [f]ile and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)];
>
> (2) [c]ertify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing[; and]
>
> (3) [s]end a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues on the record, and advise the client of his or her right to file a pro se brief.

*Woodson v. State*, 292 So. 3d 221, 223 (¶9) (Miss. 2020) (quoting *Lindsey*, 939 So. 2d at 748

4

(¶18)).

¶11.    In the present case, Johnson's appellate counsel submitted a brief in compliance with *Lindsey*. After certifying that he was unable to find any arguable issues and enumerating the matters he considered, Johnson's counsel then stated that he mailed a copy of his brief to Johnson, notifying him that he had found no arguable issues and that Johnson had a right to file a pro se brief.

¶12.    Johnson subsequently filed a pro se supplemental brief, which mirrors his unconstrained and rambling testimony at trial. While there is no clear issue presented, he does generally challenge the sufficiency of the evidence supporting his conviction and the trial court's jurisdiction to oversee the case.

### I.    The evidence was sufficient to support Johnson's conviction.

¶13.    In reviewing the sufficiency of the evidence on appeal, "we view the evidence in the light most favorable to the State and decide if rational jurors could have found the State proved each element of the crime." *Bishop v. State*, 282 So. 3d 633, 640 (¶26) (Miss. Ct. App. 2019) (quoting *Lenoir v. State*, 222 So. 3d 273, 279 (¶25) (Miss. 2017)). "We are not required to decide—and in fact we must refrain from deciding—whether we think the State proved the elements; rather, we must decide whether a reasonable juror could rationally say that the State did." *Id*.

¶14.    Therefore, we must determine whether a reasonable juror could rationally find that Johnson committed the elements of statutory rape. "[T]he crime of statutory rape is committed when a person of any age, who is at least twenty-four months older than the

5

subject child and is not the subject child's spouse, has sexual intercourse with a child under the age of fourteen." *Id*. at 639 (¶23); *accord* Miss. Code Ann. § 97-3-65(1)(b) (Rev. 2014).

¶15. The undisputed facts establish that at the time of the incident, Johnson was thirty-two years old, Gigi was only thirteen, and they were not married. Johnson nonetheless argues that the evidence was insufficient to prove that he had sexual intercourse with Gigi.

¶16. In support of his conviction are Johnson's very own words. In his video taped interview, Johnson confessed that he had sex with Gigi. He told Detective Rollins, "I had sex with [Gigi], I ain't gonna lie to you. I had sex with her that morning." He went on to tell the detective where in the home they had had sex—the "front bedroom"—and that he had used a condom. Johnson stated that Gigi had called him into the room and told him "I wanna **** you." He also described the clothing she was wearing that day—a shirt and denim shorts consistent with the pair the detective had sent to be tested for DNA.

¶17. There is also Gigi's own testimony describing the details of the rape. She identified Johnson at trial and stated that he had asked her to go to the bedroom with him. Through tears, Gigi told the court that once they were in the room he "started kissing on my cheek and my neck . . . [a]nd then he got on top of me." Gigi asked Johnson to stop twice. But instead of stopping, he proceeded to rape her.

¶18. Gigi's testimony was corroborated by DNA evidence. The shorts Gigi was wearing that day, as described by Johnson in his video interview, were submitted to the Mississippi Forensics Laboratory for DNA testing. The DNA analyst who tested the shorts found skin cells belonging to Gigi in combination with sperm cells. The analyst testified that the odds

6

the sperm was not Johnson's were approximately one in ten billion.

¶19.    Viewing the evidence in the light most favorable to the State, we find there was sufficient evidence for a reasonable jury to find Johnson guilty of statutory rape.

## II.    The trial court had jurisdiction to oversee the case.

¶20.    Johnson argues that "this should have been a Federal Case because this case centers around a 13 year old female which was driven across state line, and into another state upon the underage claimed to have been raped against her will and drugged according to her trial testimony[.]"

¶21.    Our Constitution has empowered "the several courts of justice organized under the constitution and laws of [Mississippi] . . . the sole and exclusive jurisdiction of trying and punishing all persons in the manner prescribed by law, for crimes and offenses committed in this state, except such as are exclusively cognizable by the courts deriving their jurisdiction from the constitution and laws of the United States." Miss. Code Ann. § 99-11-1 (Rev. 2015).

¶22.    "The circuit court shall have original jurisdiction in all . . . actions and causes, matters and things arising under the constitution and laws of this state[.]" Miss. Code Ann. § 9-7-81 (Rev. 2014).  "Such court shall have power to hear and determine all prosecutions in the name of the state for treason, felonies, crimes, and misdemeanors[.]" *Id*.

¶23.    While Johnson does not explicitly cite to any authority supporting his argument, it is presumed he is referring to 18 U.S.C. § 2423, also known as the Mann Act.  The Mann Act prohibits a person from "knowingly transport[ing] an individual who has not attained the age

of 18 years" across state lines "with the intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense[.]" 18 U.S.C. § 2423(a).

¶24. In this case, there is no evidence that Johnson transported Gigi from Louisiana to Mississippi. Instead, there is only evidence that Johnson, a thirty-two-year-old male, committed the crime of statutory rape of a thirteen-year-old girl in Mississippi. Because Johnson committed this crime in violation of Mississippi law, while in Warren County, the matter falls under the jurisdiction of the Warren County Circuit Court. Accordingly, jurisdiction was proper, and this issue is without merit.

## CONCLUSION

¶25. Because Johnson's pro se issues were without merit and we were unable to find any arguable issues after scouring the record, we hold that Johnson's conviction and sentence are affirmed.

¶26. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR.**